## CITY OF NEW ORLEANS *v.* W. NORTH.

Under the city ordinance providing that " every keeper of a transient theater, circus, menagerie, or other public exhibition or show, shall pay in advance a tax of ten dollars for each performance," &c., a tax cannot be levied on one who keeps a *permanent* establishment for an exhibition consisting of natural and artificial curiosities, for admission to which visitors are charged a certain price.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
*F. C. Laville & Morel,* for plaintiff. *Simons & Fenner,* for defendant and appellant.

NEW ORLEANS    MERRICK, C. J.   This case comes up on the following agreed statement, viz:
   *v.*
NORTH.             "It is admitted that the defendant has kept, as charged in the petition, a cer-
tain exhibition, consisting of natural and artificial curiosities, such as animals,
fishes, paintings, cosmoramic views, &c., &c., on St. Charles street, opposite the
St. Charles Hotel, for admission to which he charged each visitor the sum of
twenty-five cents, and that the same is a *permanent* establishment, and that
the defendant resides in the city of New Orleans, and that no performances are
exhibited there except as above stated."

       The petition charges the defendant with "conducting the trade or profession
of exhibiting a museum and other curiosities, both natural and artificial, as a
show, daily and nightly each day," and claims from the defendant three hun-
dred and fifty dollars for thirty-five days' exhibition of the curiosities of said
museum, at ten dollars per day.

       There is also a demand in plaintiff's petition for seventeen dollars and fifty
cents, it being a tax of five per cent. levied under an ordinance of the city to
pay the interest on the bonds due the Pontchartrain Railroad Company.   As
this tax is a per centage upon the tax of ten dollars per day, it is evident that
it cannot be levied unless the other tax is rightfully assessed.

       If the defendant is indebted to the city at all it is in virtue either of the
*fourth* or *seventy-first* sections of the "ordinance to establish an uniform rate
of taxes and licenses on professions, callings, and other business, and on car-
riages, hacks, drays, and other vehicles."

       Those two sections provide that the taxes and licenses shall be fixed, assessed
and collected at the following rate, viz:

       "Sec. 4.  On every keeper or lessee of a theater or amphitheater, $300.

       "Sec. 71.  Every keeper of a transient theater, circus, menagerie, or other
public exhibition or show, shall pay, in advance, a tax of ten dollars for each
performance, unless the same takes place in one of the establishments on which
the annual tax has been paid; and every violation of this section shall be pun-
ished by a fine of twenty-five dollars, enforced by imprisonment as the law
directs."

       The question presented by the appeal in this case is whether a tax has been
levied upon the calling of the defendant by either of these sections.

       It is clear that the defendant is not the keeper of a theater or amphitheater,
and therefore not within the fourth section of the ordinance.   His business is
not of that kind which admits of a convenient exhibition of his curiosities at a
building constructed as a theater or amphitheater, hence the "performances"
could not well take place at one of the establishments on which an annual tax
has been paid, unless the annual tax be considered as the ordinary city tax fixed
by law, which is paid by every owner of real estate.   Therefore, if the defen-
dant is liable to a tax at all, he is liable to pay for his "daily and nightly exhi-
bition each day" the enormous tax of $7,300 per annum.

       But the agreed statement of facts in this case shows that the defendant is a
resident of New Orleans, and that his establishment is a *permanent* one.   The
seventy-first section of the ordinance has reference only to *transient* theaters,
circuses, menageries, or other public exhibitions or shows.   The permanent
occupation of the defendant is therefore not provided for by this section, and
as it is not pretended that any other section of the ordinance has made provision
for the levying of a tax upon the permanent business or calling of the defen-
dant, it must be held to be a *casus omissus*, and the defendant left to the effect
of the ordinary taxation upon property.

The judgment of the lower court condemning the defendant to pay the tax must be reversed.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment appealed from be avoided and reversed, and that there be judgment in favor of the defendant; the plaintiff paying costs in both courts.